[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Joan G. Yaw, appeals the decision of the defendant Board of Examiners for Nursing revoking her license to practice as a registered nurse. The Board acted pursuant to General Statutes 19a-17 and 20-99. This appeal is authorized by General Statutes 4-183. The court finds the issues in favor of the defendant Board.
Certain preliminary facts are undisputed. On October 15 and 16, 1989, the plaintiff was employed as a registered nurse at Lorraine Manor, a skilled nursing facility in Hartford. Her specific assignment was supervisor of the shift beginning 11:00 p. m. on October 15 to 7:00 a.m. on October 16. Her responsibilities included general supervision of the staff and patients during those hours and charting or making a record of any unusual incidents.
On the basis of a complaint by the Director of Nursing at Lorraine Manor, the defendant Department of Health Services issued an amended statement of charges against the plaintiff in February 1992. This statement charged the plaintiff with (1) CT Page 4772 failing to intervene and stop a sexual assault of a patient by another patient and (2) failing to report the assault and failing to assess the victim's condition. The charges were brought to the Board, which held a hearing. The plaintiff appeared at the hearing represented by counsel. The Department presented witnesses and other evidence to support its charges.
On June 18, 1992, the Board issued its final decision, setting forth findings of fact and its conclusions. The Board found that the plaintiff was summoned to a female patient's room by a nurse's aid between 6:20 a.m. and 6:45 a.m. on October 16, 1989. A male patient had entered the room and was engaging in sexual intercourse with the female patient. The female patient was severely disabled and was incapable of walking, talking, reading, writing, defending herself or calling out for help. On the basis of these facts, the Board concluded that the female patient was incapable of consenting to sexual intercourse. The Board further found that the plaintiff witnessed the incident but did nothing to stop it. Rather, she stated to the nurse's aide that the male patient should be allowed "to finish" and that it was the "patient's right." The Board further found that a short while later, the male patient again entered the room and had sexual intercourse with the female patient. The Board further found that the plaintiff failed to report the first incident, did not include it on the chart of either patient, and did not assess the physical or mental condition of the patients.
On the basis of the facts found by the Board, as summarized above, it determined that the incidents constituted sexual assaults and that the plaintiff essentially encouraged the first assault. The Board concluded further that the plaintiff's failure to report the first incident contributed to the second assault. It further concluded that the plaintiff's failure to stop the first assault and failure to report it constituted separate violations of General Statutes 20-99(b). This statute prohibits conduct which fails to conform to accepted standards of the nursing profession, including "(2) illegal conduct, incompetence or negligence in carrying out usual nursing functions." The Board held that each of these violations provided sufficient basis for revoking the plaintiff's license as provided in 20-99(a).
The plaintiff raises two arguments as the bases of her appeal: (1) that the evidence before the Board was not sufficient to support the findings that the plaintiff witnessed CT Page 4773 the sexual assault and failed to report it and (2) that the revocation of the plaintiff's license was an unduly severe penalty.
At the administrative hearing, the Board heard testimony of witnesses, including two nurses aides who claimed they saw the plaintiff in the patient's room during the assault and heard her state that the male should be allowed "to finish" and that it was "the patient's right." The Director of Nursing testified that the plaintiff failed to file any reports of the incident. The plaintiff herself, on advice of counsel, did not testify.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes 4-183(f) provides that "[t]he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." Similarly, "[w]ith regard to questions of fact, it is [not] the function of the judgment for that of the administrative agency. CLP v. DPUC,219 Conn. 51, 57 (1991). "If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . ., the decision must be upheld." Conn. Building Wrecking Co. v. Carothers, 218 Conn. 580,601 (1991). In particular, "a court must defer to the agency's assessment of the credibility of the witnesses and to the agency's right to believe or disbelieve the evidence prevented by any witness . . . ." Id. 593. "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." CLP v. DPUC,219 Conn. 51, 57-58 (1991).
The court has carefully reviewed the entire record in this case, including the transcript of the hearing before the Board and documents introduced in evidence at the hearing. The court has also studied the briefs submitted by the parties to the appeal and has considered their arguments advanced at the hearing on this appeal. On the basis of this review, the court concludes that there was sufficient and substantial evidence to support the Board's findings and conclusions.
With respect to the plaintiff's claim that the revocation of her license was an unduly severe penalty, General Statutes20-99(a) and 19a-17 clearly and unequivocally permit the Board CT Page 4774 to take that action. Under the circumstances of this case, it cannot be said that the revocation was an abuse of the Board's discretion.
The appeal is dismissed.
Maloney, J.